IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MELTON CULBERSON                                                               PLAINTIFF

v.                                           Case No. 1:25-cv-1052

AGENT ANDREW REYNOLDS and
AGENT HOUSTON BRADSHAW                              DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 27. Judge Ford recommends that Defendants' Motion to Dismiss (ECF No. 10) be granted and that the official capacity claims against Defendants be dismissed. Plaintiff has filed an objection. ECF No. 29. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This is a civil rights action filed by Plaintiff, who is a self-represented litigant. Plaintiff alleges that Defendants unlawfully arrested him on January 25, 2024, for the possession of marijuana with intent to deliver, knowing he had a medical marijuana card. He further alleges that Defendants unlawfully confiscated his medical marijuana card.

Defendants have filed a Motion to Dismiss (ECF No. 10), arguing that Plaintiff has alleged no facts sufficient to state an official capacity claim against Defendants. Defendants assert that Plaintiff makes no allegation, factual or conclusory, that the alleged constitutional violations occurred pursuant to a governmental entity's custom, policy, or practice.

Judge Ford has filed a Report and Recommendation, in which he recommends that Plaintiff's claims against Defendants in their official capacities be dismissed pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff has filed timely objections (ECF No. 29), and thus the Court will review the objections.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant" is liable. *Id.* (internal quotations omitted). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Therefore, to survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

In his objections, Plaintiff states that he "made a mistake" and "really meant" to sue Defendants in their individual capacities. ECF No. 29, pp. 2, 4. The Court notes that Plaintiff's Motion to Amend Complaint (ECF No. 15) is pending, in which he makes clear that he wishes to sue Defendants in their individual capacities only. ECF No. 15, p. 2. This motion is referred to Judge Ford and has not yet been ruled on. Plaintiff does not appear to object to the dismissal of the official capacity claims against Defendants. Thus, the Court finds that the dismissal of these claims is proper.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court **ADOPTS** the Report and Recommendation. ECF No. 27. The Court finds that Defendants' Motion to Dismiss (ECF No. 10) should be and hereby is **GRANTED**. All official capacity claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. This case should remain referred to Judge Ford for further proceedings, including any pending motions.

**IT IS SO ORDERED**, this 10th day of December, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge